DECISION
Defendant-appellant, James F. Loggins, appeals from a judgment of the Franklin County Municipal Court finding defendant guilty of public indecency in violation of R.C. 2907.09(A)(3). Because the trial court's judgment is supported by sufficient evidence and is not against the manifest weight of the evidence, we affirm.
By complaint filed on June 14, 1999, defendant was charged with violation of R.C. 2907.09(A)(3), which states:
 (A) No person shall recklessly do any of the following, under circumstances in which his or her conduct is likely to be viewed by and affront others, not members of his or her household:
* * *
 (3) Engage in conduct that to an ordinary observer would appear to be sexual conduct or masturbation.
(B) Whoever violates this section is guilty of public indecency.
* * *
Defendant entered a not guilty plea to the charge and a bench trial was conducted on May 9, 2000. At the conclusion of the trial, the trial court stated:
 The Court has reviewed the evidence submitted by sworn testimony from the various witnesses. The State has produced the prosecuting witness, Ms. Chan, and two police officers. The defense has submitted the testimony of the defendant in this matter.
* * *
 I am faced here with viewing the demeanor of each of the witnesses, trying to determine the credibility of the witnesses, and I can come to but one conclusion that the prosecuting witness was quite credible, and I feel that she did observe conduct that to her was affronting, that it was reckless behavior under the circumstances, and I would find the defendant guilty * * *. (Tr. 90, 91.)
Defendant appeals, assigning the following errors:
 I. THE COURT BELOW ERRED WHEN IT DENIED THE DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL UNDER RULE 29, OHIO RULES OF CRIMINAL PROCEDURE, AS THE EVIDENCE WAS INSUFFICIENT TO SUSTAIN A CONVICTION.
 II. THE CONVICTION OF THIS DEFENDANT IS NOT SUPPORTED BY THE MANIFEST WEIGHT OF THE EVIDENCE.
Because defendant addresses both assigned errors together, we do likewise. Together they assert the trial court's judgment is not supported by sufficient evidence and is against the manifest weight of the evidence.
As to defendant's contentions under Crim.R. 29, the court is required to enter a judgment of acquittal if the evidence is insufficient to sustain a conviction of the offenses alleged in the indictment. If reasonable minds can reach different conclusions as to whether each material element of a crime has been proven beyond a reasonable doubt, the court cannot enter a judgment of acquittal. State v. Apanovitch
(1987), 33 Ohio St.3d 19; State v. Dennis (1997), 79 Ohio St.3d 421,430. In reviewing a ruling on a Crim.R. 29(A) motion for judgment of acquittal, the reviewing court construes the evidence in a light most favorable to the state. State v. Clay (Mar. 28, 2000), Franklin App. No. 99AP-404, unreported.
When presented with a manifest weight argument, we engage in a limited weighing of the evidence to determine whether the verdict is supported by sufficient competent, credible evidence to permit reasonable minds to find guilt beyond a reasonable doubt. State v. Thompkins (1997),78 Ohio St.3d 380 ("When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a `thirteenth juror' and disagrees with the factfinder's resolution of the conflicting evidence"). State v.Conley (Dec. 16, 1993), Franklin App. No. 93AP-387, unreported. Determinations of credibility and weight of the testimony remain within the province of the trier of fact. State v. DeHass (1967),10 Ohio St.2d 230.
According to the state's evidence, Jennifer Chan, then a first-year medical student, was studying for exams at the Prior Health Sciences Library at approximately 8:00 p.m. on June 10, 1999. She alone was seated at a table that accommodated four, and was facing a stack of periodicals. Another table similar to hers, but with no occupants, filled the space between her table and the periodicals. She was alone in that area of the library.
As she was studying, she observed defendant on the far side of the bookshelves randomly choosing books from the shelves and reading them. Defendant's conduct caught her attention because most consumers of the library's service pinpoint a journal through research on the computer and then find the particular book indicated in the computer search. Instead, defendant was picking books off the shelves without any card or paper indicating a specific or targeted item. Moreover, as Chan subsequently told the officers who responded to the call, because defendant was dressed in a pink, long-sleeved dress shirt, a red tie, and blue pants, he stood out from the typical library user: students of the health sciences typically dressed in white medical coats or scrubs.
After about ten minutes, defendant moved to the inside of the bookshelf, closer to the study tables. She noticed he was looking at her. He continued to pick journals off the shelf and then turn around to face her, reading them with his back to the bookshelf. After approximately ten minutes, he sat down facing her at the table next to the one at which she was sitting. Again, when she looked up, he periodically was looking at her. His gaze made her uncomfortable and after a short while, she began to shield her eyes. When she looked up, she noticed he was moving his hands underneath the table. Having viewed masturbation before, she recognized the movement as masturbation, and it alarmed her. She gathered her things, found her boyfriend in the library, and ultimately called The Ohio State University ("OSU") police. Given defendant's attire, the OSU police readily found defendant, and Chan identified him as the person she had observed.
Through cross-examination, defendant noted that Chan never saw his hand under the table. Rather, because he was seated at the study table, she was able to observe him from the waist up, and from the knees down. Moreover, given the placement of his right hand, as his left hand held the journal, she was able to see only from the mid-forearm up. She testified, however, that the angle of defendant's right arm, coupled with the nature of the movement, reflected masturbation. According to Chan, defendant continued the motion for anywhere from one to three minutes.
Defendant contends the foregoing evidence is insufficient to support a conviction under R.C. 2907.09(A)(3) because Chan was unable (1) to see defendant's hand, (2) to know whether his hand touched his genital area, and (3) to ascertain whether defendant in fact engaged in masturbation. Defendant, however, was not charged with an offense under R.C.2907.09(A)(1). Rather, the complaint alleged a violation of R.C.2907.09(A)(3), which does not require exposure of private parts or actual masturbation, but instead requires that the defendant engage in conduct that "to an ordinary observer" would appear to be sexual conduct or masturbation. Here, Chan testified that she had observed masturbation prior to the evening of June 10, 1999, and defendant's activity in the library was identical to that of other incidents of masturbation she had observed. Construing the evidence in favor of the state, Chan's testimony was sufficient to support defendant's conviction for public indecency under R.C. 2907.09(A)(3).
As to defendant's manifest weight of the evidence argument, defendant testified he was at the Prior Health Sciences Library for work. While his ordinary work hours were from 8:30 a.m. to an unofficial ending time of 4:30 p.m., he stated that the days ran longer than that. On June 10, 1999, he had just gotten off work and had gone to the library to research before he left town on National Guard duty for Nicaragua. According to defendant, the stop at the library was just a quick stop on his way home "to keep thoughts fresh in my mind because I was going to be gone for two weeks, so when I come back from the national guard duty, I can pick up where I left off." (Tr. 83.) Defendant has no recollection of Chan, despite her testifying defendant looked frequently at her. According to defendant, his habit in researching was to look down, read something, and then look up and process it. When he looked up, he exhibited a kind of "non-attentive gaze" as a way of concentrating and thinking. (Tr. 84.)
When the OSU police found defendant they read him his rights and asked him if he possibly was scratching himself. When he replied "yes," the officer inquired how many times he had done so; he replied "once, maybe twice." In testifying at trial, defendant stated that he at no time engaged in conduct in the library that simulated masturbation, but stated the "slacks that I was wearing at the time, it pulls the hairs on my legs; and if I move my slacks, then it doesn't catch on my skin, but that's the only motion I made at the time I was in the library that was anywhere near anything close to what they were describing." (Tr. 78.)
Defendant's testimony does not render the trial court's judgment against the manifest weight of the evidence. The trial court's determining the nature of defendant's activity at the library on June 10, 1999, was largely a credibility issue. Not only did the trial court specifically find Chan's testimony to be credible, but defendant's testimony lacks credibility in several respects. Initially, defendant denied to the responding officers that the activity was masturbation, but instead stated he scratched himself once, perhaps twice. In his trial testimony, however, defendant stated he had simply tugged at his pants because the pant leg was pulling the hair on his legs. His discrepancy in explaining his activity is a factor the trial court reasonably could consider in determining the credibility of the witnesses.
Moreover, defendant's activity in the library belied his stated purpose of researching. Contrary to most who use the library, defendant did not have a computer printout of those books directed to his area of research. He had no pen, pencil or notebooks with which to take notes. He randomly pulled books off the shelves, frequently gazing upward at Chan. Indeed, when he moved around to the side of the bookshelf closer to Chan, he turned his back to the bookshelf, allowing himself to face Chan. Finally, defendant's contention that he had stopped in the library to keep thoughts fresh through a two-week absence for National Guard duty is less than persuasive.
Given the foregoing, because Chan's testimony supports the conviction, the judgment of the trial court is not against the manifest weight of the evidence. Having determined the judgment of the trial court is supported by sufficient evidence and is not against the manifest weight of the evidence, we overrule defendant's two assigned errors and affirm the judgment of the trial court.
BROWN and KENNEDY, JJ., concur.